PIETRO CIRCIELLO *vs.* HYMAN LEVINE.

Suffolk.   November 8, 1943. — June 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, & RONAN, JJ.

*Landlord and Tenant,* Common stairway, Landlord's liability to tenant or his family or his invitee.

A finding of negligence of a landlord toward his tenant injured by falling because of a protruding nail in a step of a common stairway was not warranted where there was no evidence that the landlord knew of the nail, nor to show how long it had protruded except testimony merely that, a month or two before the tenant's fall, nails, no one of which was identified as the nail in question, had been observed protruding from that and other steps.

TORT.   Writ in the District Court of Chelsea dated June 5, 1939.

On removal to the Superior Court, the case was tried before *Leary,* J.

*A. M. McDonough,* for the plaintiff, submitted a brief.

*J. G. Schumb,* for the defendant.

FIELD, C.J.   This is an action of tort brought in the Superior Court to recover compensation for a personal injury sustained by the plaintiff as a result of falling upon a common stairway on premises owned and controlled by the defendant.   The case was tried before a judge and a jury. The jury returned a verdict for the plaintiff.   But upon leave reserved the judge ordered the entry of a verdict for the defendant.   The plaintiff excepted.

There was no error.

There was evidence that the plaintiff was a tenant at will — and had been for about three years — and occupied with his family the second floor of the premises, access to which was by a stairway.   The defendant admitted ownership and control of the stairway.   There was also evidence that the plaintiff, while descending the stairway, caught his heel on a nail on the fourth step from the bottom of the stairway.   The nail protruded about an inch and a half above

the step. It was about ten inches from the side of the stairway.

There was no evidence that the defendant knew of the protruding nail. And the evidence did not warrant a finding that the nail had protruded for so long a time that the defendant in the exercise of reasonable care should have known of the existence of the protruding nail and remedied the defect. See *Leslie* v. *Glazer*, 273 Mass. 221, 223. There was no evidence of an appearance, indicative of age, of the nail that caused the plaintiff's fall. *Blake* v. *John F. Johnston Co.* 213 Mass. 143, 144. The only evidence that could be thought to have any bearing upon the length of time that this nail had protruded above the step was the testimony of the plaintiff's son who lived with his father and used this stairway.

This son testified that about a month or two before the accident he saw nails sticking up above the fourth step and above other steps, two or three above the fourth step, and seven or eight in all. The nails stuck up distances, variously stated, of "half an inch," "quarter of an inch," "about a quarter to an eighth of an inch." This son also testified that he "kept on using the stairs," but "couldn't recall noticing them [the nails] sticking up from the steps after he first observed them a month or two before his father's accident." The nail that caused the plaintiff to fall was not identified as one of the nails that the plaintiff's son saw protruding from the fourth step a month or two before the accident. There was no evidence that the condition of the fourth step was the same at the time of the accident to the plaintiff as at the time its condition was observed by his son. In this respect the case differs from the case of *Loudon* v. *Beaulieu*, 277 Mass. 33, relied on by the plaintiff. For aught that appears in the evidence the protruding nail that caused the plaintiff to fall may have been protruding only a short time before the accident. Evidence that some nails were protruding from the step a month or two before the accident did not warrant the inference that the protruding nail that caused the plaintiff to fall had been protruding during that period, or for so long

a time that the defendant should have known about it. The condition of the fourth step observed by the plaintiff's son may have been corrected long before the accident occurred.   There was no evidence ·or ground for inference that it was not so corrected, or that the condition observed by the plaintiff's son continued until the time of the accident.   A landlord cannot be held liable for an injury resulting from a protruding nail on a step of a stairway merely because a month or two before the injury there were protruding nails on that step, no one of which is shown to have been the same nail.   The condition of a step in this particular might readily change in that period.   The testimony of the plaintiff's son did not warrant a finding that the condition of the step that caused the plaintiff to fall had existed for so long a time that the defendant ought to have known about it.   The evidence did not warrant a finding that any negligence of the defendant contributed to cause the accident.

*Exceptions overruled.*