RALDNE REALTY CORPORATION *vs.* MAJOR L. STERN. March 6, 1946. Exceptions overruled. This action of contract to recover a balance upon a promissory note of the defendant payable to the plaintiff in the principal amount of $3,739.24 was tried in the Superior Court by a judge sitting without a jury. There was a finding for the plaintiff for $408.49. The judge refused to act upon or grant certain requests of the defendant and denied requests of the defendant that "upon all the evidence a finding for the plaintiff is not warranted" and "upon all the evidence a finding for the defendant is warranted." There was no error in the denial of these requests. The note, which was in evidence with the defendant's signature thereto unchallenged, made a prima facie case for the plaintiff. *McDuffee* v. *Kelsey*, 312 Mass. 458, 460. While there was evidence that a substantial amount was paid upon the note, the evidence did not warrant a finding that it was fully paid. The defendant, however, included in his answer the allegation "by way of equitable defence that the enforcement of the plaintiff's claim and demand against him would be grossly unfair, unconscionable and violative of all principles of equity and good conscience." This is the sole defence relied upon by the defendant. But the evidence not only did not require a ruling that this defence was established but did not warrant such a finding. The defendant's contention in substance is that, if the plaintiff should recover in this action, it would recover an excessive amount of interest. There was evidence that the note included substantial amounts as bonuses for the loans originally made and for renewals thereof. The rate of interest stipulated in the note and in prior notes was one and one half per cent per month after maturity. Such bonuses and this rate of interest did not violate any statutory provision. Compare G. L. (Ter. Ed.) c. 140, §§ 90, 96–110, as amended. And there was no evidence that the defendant was not of full capacity or that there was any confidential relation between the parties to the note and no evidence that any fraud was practised upon the defendant by the plaintiff. Although it may well be that the transaction was improvident on the part of the defendant — that it was a hard bargain — no sufficient reason is shown for relieving the defendant from his bargain and from liability upon the note in accordance

with its terms. See *Spofford* v. *State Loan Co.* 208 Mass. 84, 88; *Goodwin* v. *Agassiz*, 283 Mass. 358, 363. There was no error in the refusal of the judge to act upon other requests of the defendant — which were requests for findings of fact. *Ashapa* v. *Reed*, 280 Mass. 514, 516. *Memishian* v. *Phipps*, 311 Mass. 521, 523.

*Lee M. Friedman*, for the defendant.

*A. J. Daly*, for the plaintiff.