### DE LA PENA v. MOORE–McCORMACK LINES, Inc.
#### No. 145–302.

United States District Court
S. D. New York.
Nov. 23, 1948.

Silas B. Axtell, New York City, Herbert J. Kaplow, New York City, of counsel, for libellant.

Joseph K. Inness, New York City, for respondent.

CONGER, District Judge.

Suit in admiralty for damages for personal injuries.

Libellant on or about the 26th day of August, 1946 was employed by the Hercules Co.

On the aforesaid date the Hercules Co. was performing certain work on the S. S. Mormacgulf, which was then and there owned, operated and controlled by respondent, Moore-McCormack Lines, Inc.

Libellant on the 26th day of August, 1946 was on the vessel Mormacgulf as an employee of Hercules Co. as part of a gang of men that was engaged in cleaning one of the holds of the Mormacgulf. While he was so working, libellant claims that he stepped on a pile of metal strips that were lying on the deck and that these strips shifted, or he slipped on them and he fell back into a trench that surrounded the hatch whereby, and as a result thereof, he suffered injuries.

There is no doubt but that as a result of the accident libellant received a fracture of his right leg. He also claims other severe and permanent injuries. Libellant claims that he has been unable to work by reason of these injuries since the date of the accident up until at least the date of the trial.

Libellant was part of a gang of men who were cleaning up the ship in preparation for the receipt of cargo. Libellant was an employee of an independent contractor doing work for the owner of the vessel. Libellant, therefore, claims that the shipowner had a non-delegab'e and continuing duty to provide libellant with a safe place to work, and further that the ship-owner was under the duty to this libellant, which it owed to seamen and longshoremen, i. e. to furnish a seaworthy vessel in which to work. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, Cf. Guerrini v. United States, 2 Cir., 167 F.2d 352.

Libellant contends that the ship was unseaworthy, dangerous and defective in that harmful materials were negligently permitted to lay on the parts of the ship where libellant and others had to work and that the agents of respondent were negligent in that they failed to pile iron supports, hereinafter designated as plates or bars, in an orderly manner and in that they did not cover the trench around the hatch, thereby permitting a dangerous condition to exist.

It will not be necessary for me to discuss the general rule as to the duty owed by the owner of the vessel to this libellant, while he was working on the ship, because in my opinion it has no relevancy here.

If the pile of iron bars, lying loosely on the deck constituted negligence and caused a dangerous condition to exist and if thereby the vessel was unseaworthy, dangerous and defective, that does not under the circumstances here give libellant a right of action. It was that condition which he and his fellow workmen were on the vessel to clean up and remedy.

An employee may not recover for injuries received while doing an act to

eliminate the cause of injury. Byars v. Moore-McCormack Lines, Inc., 2 Cir., 155 F.2d 587. Kowalsky v. Concreco Co., 264 N.Y. 125, 190 N.E. 206.

 The Hercules Co. had its men on the vessel that day to clean up the debris. The longshoremen who had been taking out the cargo had just left the ship. The deck was littered with dunnage, debris, cargo, irons and other incumbrances. Libellant with others was ordered to clean up this condition of which he now complains. Libellant said that he saw the loose plates and the trench when he first came into the hold.

Libellant slipped on a pile of these bars or plates that were lying around loosely. He stepped on one of them and it came up. He jumped back and in some way his foot got caught in the trench in such a manner that his foot could not be pulled out until his shoe had been taken off. As a result his leg was fractured.

A foreman of respondent testified that he supervised all cleaning. He testified that when the longshoremen left a ship they usually left the place in disorder; that it was his duty to employ some one to clean it up to make ready for cargo; that on this occasion he employed Hercules Co. to do that work; that the duty of the men employed by Hercules Co. was to clean up what they saw. This witness was corroborated by the superintendent of Hercules Co. He stated that the duty of his men was to clean up and pile up the debris; to clean up what was lying around on the deck.

The bill sent by Hercules Co. to respondent for this work shows just what was done and what was paid for as follows: "Thoroughly cleaned and swept all cargo holds, stacked dunnage, removed turnbuckles and lashing gear to pier; removed refuse. All spaces left clean and ready for cargo."

 I do not regard the trench that ran around the hatch as being dangerous, nor a trap. This was practically a new vessel, having been built in 1946. All vessels of this type were of the same construction. The trench was 3½" wide and 8" deep. When the vessel is at sea the hatch battens are fitted into it. It takes the place of hatch cleats for battening down the hatches. It is open and obvious and in no way constituted a dangerous condition. From the testimony one might very well conclude, as I did, that it was not usual to cover this trench when the vessel was at the pier. In fact it would not be practical to cover it while cleaning men were engaged in removing debris.

 As a matter of fact the failure to cover this trench at this time was not negligence because this open trench was not the proximate cause of this accident. As it was, the trench, uncovered, was not inherently dangerous. It certainly could not be classified as negligence to fail to cover this trench to prevent a man's foot from getting into it after he had slipped on a piece of iron nearby. That type of protection could not reasonably be foreseen as necessary.

Under the circumstances disclosed in the record I feel that I must find for the respondent no cause for action and to dismiss the libel.

So ordered.

Settle judgment on notice.