## John E. Kloetzer, Appellee, v. Louisville and Nashville Railroad Company, Appellant.

### Term No. 50F3.

Heard in this court at the May term, 1950. Opinion filed May 26, 1950. Rehearing denied October 24, 1950. Released for publication October 26, 1950.

WM. R. GENTRY, of St. Louis, Mo., HAROLD BALTZ, of Belleville, and HAROLD G. BAKER, of East St. Louis, for appellant; BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, of counsel.

Jos. B. McGLYNN, of East St. Louis, for appellee; WAYNE P. WILLIAMS, of East St. Louis, of counsel.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment entered in the city court of the City of East St. Louis, Illinois, in favor of John E. Kloetzer, appellee (hereinafter called plaintiff) in the sum of $75,000, and costs, as against Louisville & Nashville Railroad Company, appellant (hereinafter called defendant).

An action was originally instituted in the city court as against three defendants, the defendant Louisville

& Nashville Railroad Company, the Baltimore & Ohio Railroad Company, and Railway Express Agency, Inc. The cause was removed to the United States District Court, and after removal of the cause to the Federal court, plaintiff filed a motion to remand the case as to defendant, Louisville & Nashville Railroad Company and as to Baltimore & Ohio Railroad Company. The United States District Court granted the motion as to the defendant, Louisville & Nashville Railroad Company, but denied it as against the Baltimore & Ohio Railroad Company, and the lawsuit was then divided into two parts, with the action as against the Baltimore & Ohio Railroad Company and the Railway Express Agency, Inc. being retained in the Federal court, and the action insofar as it concerned the defendant, Louisville & Nashville Railroad Company, was remanded to the city court of the City of East St. Louis.

The cause came on for trial in the city court of the City of East St. Louis as against the defendant, Louisville & Nashville Railroad Company. In the pleadings in the cause the allegations of the complaint stated that the plaintiff, a railroad inspector who worked for the Louisville & Nashville Railroad Company, was working upon one of the defendant's trains at a relay station in East St. Louis when an engine of a train of cars of the Baltimore & Ohio Railroad Company struck an express truck of the Railway Express Agency, which was standing near the track upon which the train was traveling and caused the express truck to be thrown against plaintiff, knocking him down and dragging him, with the resulting injuries of which plaintiff complained. The complaint charged specific acts of negligence consisting of, (1) failure to furnish plaintiff with a reasonably safe place to work; (2) failure to provide sufficient lights or a lighting system in and about the place where the plaintiff was, working; and (3) carelessness and negligence in wrongfully permitting the

express truck to remain on or near the railroad track adjacent to the train about which the plaintiff was working so that the engine of the Baltimore & Ohio Railroad struck the express truck and caused it to be thrown against plaintiff. In the complaint it was, likewise, alleged that the defendant had paid to plaintiff $2,400 "in partial settlement" of its liability to plaintiff and on account of the cause of action, and that defendant is entitled to credit for such amount on such damages as may be allowed plaintiff. The answer of defendant, after admitting that it was an interstate carrier and that the action was based on the Federal Employers' Liability Act, denied the other allegations of the complaint and also denied that it had paid to plaintiff $2,400 or any other sum in "partial settlement" for its alleged liability to the plaintiff.

When the cause came on to be tried by a jury the evidence disclosed that the accident in which plaintiff sustained the injuries, occurred under circumstances substantially as follows: The relay station which was the scene of the accident, was near the express office and adjoining the express office is a building in which inspection records for the various railroads were housed. The relay station was a busy area in which many freight and passenger trains passed during a 24-hour period. There were two tracks running north of the station, and between the tracks was a concrete platform or runway extending from the relay station to a point on a line with the express office. Beyond the concrete portion of the platform the platform was made up of cinders and gravel and other material. The concrete pavement between the tracks was 18 feet wide, and there was a distance of approximately 20½ feet between the center lines of the two tracks. There were thirteen lampposts located near the tracks.

Plaintiff at the time of the accident was 46 years old. He had been employed as a car inspector and in other

capacities for many years. His duties at the time of the accident were to couple and uncouple engines on arriving and departing trains, and to inspect terminal posts, wheels, couplers, and steam, air and signal connections to see that the brakes would work properly. On the particular night in question a Louisville & Nashville train was pulled into the relay station and headed in an easterly direction. It stopped on the northernmost of the two tracks referred to. Immediately behind the engine of the train was an express car which stopped about where the platform began. Behind the express car was a baggage car, which was also stopped along the platform. The plaintiff was working with another man or "buddy" and the plaintiff's buddy was working on the northerly side of the train. Plaintiff took the south side of the train (the one closest to the station) and began to inspect the cars, working from the head of the train towards the rear. He completed the inspection of his side of the express car, which was the first car behind the engine. He then tested the parts of the baggage car and used an electric hand lantern which he carried for that purpose, making that inspection from the concrete platform. After he had noted a steam or signal leak, he stepped off the platform between the first and second car, with his right foot forward and his left foot in a cocked position back on the platform. He tapped the steam connection with a hammer to stop the escaping steam and checked on the minor signal leak. While he was in such stooped position, with his hand lantern shining on the place where he was working he heard a shout, "look out," and stepped back on the platform, facing the rear end of the train, and at that moment he was struck on the left side, felt a sensation of being dragged, and lost consciousness. He did not see anything coming toward him and he did not know what struck him. Plaintiff

sustained severe injuries which we will not discuss in view of the conclusions expressed in this opinion.

The evidence showed that while plaintiff was inspecting the train, the express and baggage had been loaded and unloaded from the train and the trucks moved away. While the Louisville & Nashville train was still standing on the track, a Baltimore & Ohio express train pulled in from St. Louis on the track on the other side of the platform, and as the Baltimore & Ohio engine pulled in it struck a hand truck of the Railway Express Agency which was standing on the platform between the two tracks and caused the hand truck to be driven forward until it struck the plaintiff. An express messenger for the Railway Express Agency, who was working on the Louisville & Nashville train that evening and who was then in the express car, saw the Baltimore & Ohio engine pulling in and cried, ''look out,'' to attract plaintiff's attention.

Commencing within a time shortly after the accident a claim agent for the defendant, Louisville & Nashville Railroad, advanced to plaintiff from time to time a total of $2,425, for which the claim agent took receipts. The Railway Express Agency, likewise, advanced to plaintiff the sum of $1,855. The advances were made to cover expenses incident to the treatment necessary, and other expenses, including travel by the plaintiff.

There was evidence which also showed that the thirteen lights in the vicinity of the tracks were in good condition and that at least a large number of such lights were burning at the time of the accident, but there were no lights shining in the immediate vicinity where the plaintiff was working. There was also evidence to the effect that the express truck was left in a position between the tracks and that it was common practice to bring a loaded truck out to load the train going out, and leave it there when the express agency knew another train would be coming in soon and there

would be a load from the other train. There was no evidence to show how long the express truck had remained on the platform before it was struck.

Defendant's motions for directed verdict made at the close of plaintiff's evidence and at the close of all the evidence were denied and the cause was submitted to the jury, which returned a verdict finding defendant guilty and assessing plaintiff's damages at $81,000. Motion for judgment notwithstanding the verdict was denied, and in connection with the motion for a new trial the court below found that the verdict was excessive and required a remittitur of $6,000. After the remittitur was filed, the trial court denied the motion for new trial and entered judgment in favor of plaintiff for $75,000 and costs.

On appeal to this court defendant contends, basically, that plaintiff failed to establish any liability on part of defendant, and contends that there is no evidence in the record to show that the railroad company actually knew that the express truck was in an unsafe position, nor to show that in the exercise of reasonable care it should have known that the truck was in such position. It is likewise contended that there was no showing of negligence on part of defendant for the reasons as stated, and also for the reason that the absence of overhead lights, under the facts, could not have been the proximate cause of the injury in view of the fact that the plaintiff carried a hand lantern (*Williams v. New York Cent. R. Co.*, 335 Ill. App. 159). While the *Williams* case *(supra)* was reversed on other grounds in the Supreme Court (402 Ill. 494), it is contended the principles referred to would still be applicable because the presence or absence of lights could not possibly have had anything to do with the plaintiff's injury, under the facts, since plaintiff's back was turned to the truck and he could not have seen it even if the yard had been brightly lighted. From the evidence of the express messenger who shouted the warn-

484

ing it was apparent, at least, that the hand truck could be seen. It is also contended on appeal in this court that the verdict and judgment are contrary to the manifest weight of the evidence; that the verdict was grossly excessive and could not be cured by the remittitur; that there were certain errors in instructions and in rulings on the evidence in the trial of the cause, which would require a reversal.

Under the Federal Employers' Liability Act a railroad company is not subject to absolute liability to its employees, but liability under the Act must arise from negligence on part of the employer based upon substantial evidence in the record (*Eckenrode v. Pennsylvania R. Co.*, 335 U. S. 329; *Myers v. Reading Co.*, 331 U. S. 477, 485; *Brady v. Southern Ry. Co.*, 320 U. S. 476; *Ellis v. Union Pac. R. Co.*, 329 U. S. 649, 653).

Under the Federal Employers' Liability Act, a railroad company may be responsible to an employee for failing to provide a safe place to work, only if the company knew or in the exercise of reasonable care should have known of the unsafe condition (*O'Mara v. Pennsylvania R. Co.*, 95 F. (2d) 762; *Hatton v. New York, N. H. & H. R. Co.*, 261 Fed. 667).

In the *O'Mara* case cited, the employee was injured when his foot struck a bolt lying on the platform. The evidence showed that the employee had not seen the bolt previously and did not know how it came to be upon the platform, and a verdict was directed in that case and the court on appeal stated (at page 763), that while the negligence alleged was the failure of defendant to provide a safe place for plaintiff to work, there was no proof of such negligence attributable to the railroad or an employee of the railroad. No one knew when the bolt came to be upon the platform, and where evidence presents nothing more than a choice of probabilities that it came through the agency of a stranger or through the agency of the railroad, there was not substantial proof of negligence.

485

██ ██ We have given careful consideration to the evidence in the record and upon reviewing such evi-. dence we are unable to discover any substantial evidence that the defendant, Louisville & Nashville Railroad Company was guilty of negligence charged in the complaint and that such negligence was the direct and proximate cause of the injuries sustained by plaintiff. The record discloses that the express truck did not belong to the Louisville & Nashville Railroad, nor was it employed in or about its business. Actions under the Federal Employers' Liability Act require that affirmative evidence be established in the record, upon which a jury could have found negligence on part of the defendant, which contributed in whole or in part to the injury (*Eckenrode v. Pennsylvania R. Co., supra*). In the language of the *Eckenrode* case, we can find no evidence, nor any inference which may reasonably be drawn from the evidence, which viewed in the light most favorable to the plaintiff, could sustain a recovery for him as against the defendant Louisville & Nashville Railroad Company, even if a case is made out as against others, not parties to this particular proceeding.

The complaint charges that a certain express truck was wrongfully permitted to remain near the track. There was no evidence to show how long this express truck had remained at the track, nor how it got there. While evidence on this particular subject in the record (as it bears upon the particular issues in the instant case) might have tended to establish negligence as to the express agency, or the Baltimore & Ohio Railroad, as to care and caution in the operation of its moving train, such evidence does not establish negligence as to the defendant in this cause.

As to the question of the failure to furnish sufficient lights at the place where plaintiff was working, it was shown that plaintiff was furnished a hand lantern,

which he used in the performance of his duties, and did not depend upon the platform lights to furnish light for the work of inspection. The overhead lights, under the evidence in the record, were not in fact used for the purpose of inspection of cars and were not installed for that purpose and there was no showing that there was any duty to light all the yard area for inspectors by overhead lights for car inspections. It is also apparent from the facts in the record that the absence of overhead lights could not have been the proximate cause of the injuries to plaintiff since he had his back to the area where the truck was located and was struck by the truck after the shouted warning from the express messenger. To indulge in speculation, that if the area had been brightly lighted, the Railway Express Agency's agent or other agent who permitted the hand truck to remain on the platform, or the Baltimore & Ohio Railroad engineer would have been more careful and not negligent, as a basis for establishing negligence on the part of the Louisville & Nashville Railroad Company would indeed be going far afield. We are, therefore, forced to the conclusion that the evidence failed to show that defendant, Louisville & Nashville Railroad Company, was guilty of any acts of negligence charged in the complaint and that the trial court, on the basis of the facts in the record, should have directed a verdict for the defendant and should have granted the motion for judgment notwithstanding the verdict.

The judgment of the city court of the City of East St. Louis will, therefore, be reversed, and judgment will be entered here in favor of defendant, Louisville & Nashville Railroad Company, and in bar of plaintiff's action.

*Reversed. Judgment entered here.*
BARDENS and SCHEINEMAN, JJ., concur.