Pearl Payne, Plaintiff-Appellant, v. Baltimore and Ohio R. R. Co., Defendant-Appellee.

Term No. 53–M–6.

Opinion filed August 20, 1953. Released for publication September 10, 1953.

TOLLIVER & BAYLER, and CLARENCE A. TILLEMA, all of Louisville, for appellant.

MCCOLLUM & MCCOLLUM, of Louisville, and KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellee; E. H. BURGESS, and KENNETH H. EKIN, both of Baltimore, Md., of counsel.

MR. PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Plaintiff, Pearl Payne, brought this suit against the defendant, Baltimore & Ohio R. R. Co., under the Federal Employers' Liability Act, alleging personal injuries received in the course of his employment as a section hand on the railroad's property. A jury returned a verdict for $10,000 and the trial court entered judgment for defendant notwithstanding the verdict, with an alternative allowance of a motion for new trial.

Under the undisputed testimony it appears that the defendant was applying new ballast, in the form of slag, to part of its lines. A dump car had been placed in position, the lower gates tripped, depositing the slag, and the car had then been pulled away, with an arrangement of ties in front of the rear wheels, which served to push aside some of the pile of slag, leaving the portion between the rails about level therewith. Thereafter, the section gang, including plaintiff, spread the ballast evenly, by use of forks, carrying the excess from the deep portion and depositing it where needed. Plaintiff testified that, while engaged in this

187

process, his foot slipped in the slag and he fell, suffering severe injuries.

None of the crew saw plaintiff fall, so that the foregoing is virtually the total testimony bearing on the alleged fall. There was no testimony from any source indicating any improper or unusual act on the part of any member of the crew, nor of any other officer or agent of the company, so that we are unable to find any evidence to support the charge of negligence. The principal argument of plaintiff is that this question cannot be considered by the court, it being solely for the jury.

There was also a charge that the defendant did not provide a safe place to work, it being asserted that the ballast was uneven along the side of the track. No doubt it was, since that was the very reason for plaintiff's employment; he and the crew were there to make it even, and the premises could not possibly be in their finished condition before the work began. But plaintiff claims he has not assumed any risk connected therewith, because the doctrine of assumption of risk has been abolished.

As to the duty of an employer to provide a safe place to work, there are cases which seem to regard the situation before us as an exception to the general rule. *De La Pena v. Moore-McCormack Lines,* 84 F. Supp. 698; *Kansas City Southern Ry. Co. v. Billingslea,* 116 Fed. 335, 54 C. C. A. 109. See collected cases in a note in 25 L. R. A. (N. S.) 321. The principle is thus stated in 56 C. J. S., Master and Servant, § 250; "The rule as to the duty of the master with regard to the place of work . . . does not apply to cases in which the work on which the servant is engaged consists of making repairs or in which the employee is engaged in the work of making a dangerous place safe." And in 35 Am. Jur., Master and Servant, § 187: "It is obvious that the

188

rule imposing liability on employers for not providing safe places to work can have only a modified application, if, indeed, any at all, where the employee who is injured is himself required to make the place safe or is engaged in putting it into proper repair."

■ ■ While these statements correctly reflect the law, there is no need to regard this principle as an exception to a general rule. Other sections in the sources above cited and all the cases on the subject indicate that the employer's duty is to use due care to provide a safe place to work, and this was codified in the Federal Employers' Liability Act, which provides that a carrier is liable for injury resulting "by reason of any defect or insufficiency, *due to its negligence* in its cars, engines, appliances, machinery, track, roadbed, boats, warves, or other equipment." 45 U. S. C. A., § 51. (Italics ours.) It follows that, where the carrier is not guilty of any negligence, it is not chargeable with failure to provide a safe place to work.

■ It is true that the defense of "assumption of risk" has been abolished under this law, where the defendant was negligent, but this does not convert the F. E. L. A. into a workman's compensation act such as limits liability in amount but extends liability to all cases of injury arising out of and in the scope of the employment. In the original Federal Employers' Liability Act, the doctrine of assumption of risk was abolished only where the injury was the result of the defendant's violating some statute providing for the employee's safety, such as the Safety Appliance Act. *Chicago Great Western R. v. Schendel,* 267 U. S. 287, 69 L. Ed. 614, 45 S. Ct. 303. In 1939 an amendment added that the doctrine of assumption of risk is not a defense where the injury resulted in whole or in part from "the negligence of any of the officers, agents, or employees of such carrier." 45 U. S. C. A., § 54.

One of the early cases construing the effect of this amendment was *Tiller v. Atlantic Coast Line R. Co.,* 318 U. S. 54, 87 L. Ed. 610, 63 S. Ct. 444. Therein the concurring opinion of MR. JUSTICE FRANKFURTER clearly shows that the amendment still leaves negligence of the carrier as the basis of liability. The Supreme Court has never, in any decision, departed from that principle.

We therefore return to plaintiff's contention that the court cannot pass on the question of negligence. The argument is based largely on the opinion by JUDGE MAJOR in *Griswold v. Gardner,* 155 F. (2d) 333, in which reference was made to the frequency of reversals of directed verdicts in F. E. L. A. cases. The learned judge arrived at the theory that it is useless to direct a verdict or enter a judgment notwithstanding a verdict in such cases, in view of the results reached by the Supreme Court. Neither of the other judges concurred in this theory, and JUDGE LINDLEY wrote an elaborate dissent, but the opinion did perform an important function, in that it served to point up the difficulty of courts in applying the law of negligence in these cases.

This *Griswold* case was not directly reviewed, but was cited to the Supreme Court in *Wilkerson v. McCarthy,* 336 U. S. 53, 93 L. Ed. 497, 69 S. Ct. 413. The court called attention to the dissent by JUDGE LINDLEY, and one of the judges supplied an appendix of recent decisions to refute the theory of JUDGE MAJOR. The statistics indicate that, on applications for certiorari to review judgments on directed verdicts, the large majority are denied, and in those allowed, the majority of cases are affirmed.

In *Brady v. Southern Ry.* 320 U. S. 476, 88 L. Ed. 239, 64 S. Ct. 232, the court said it is necessary under the Federal Employers' Liability Act that plaintiff establish by evidence that defendant was negligent.

"Liability arises from negligence, not from injury, under the act." It was held: the court should enter judgment notwithstanding the verdict when there is no evidence of negligence. This case and others listed in the appendix to the *Wilkerson* case above mentioned, were cited and followed by this court in *Kloetzer v. Louisville & N. R. Co.*, 341 Ill. App. 478, 485.

█ The cited cases, and others we have examined, are conclusive that, in the absence of violation of a statute, negligence of defendant is essential to justify a plaintiff's verdict in F. E. L. A. cases, and that the court must decide whether there is any evidence thereof. Of course, the right to a jury trial, where there is any indication of negligence, may present difficulties. There will be cases in which proof of negligence is clear and convincing, others where it is doubtful, but clearly a question for the jury, and somewhere the quantum of such evidence approaches the vanishing point. The latter type necessarily will present difficult problems which are inescapable.

█ No such problem arises in this case where there is a total absence of evidence of negligence. The entry of judgment notwithstanding the verdict was correct and it is affirmed.

*Judgment affirmed.*

CULBERTSON and BARDENS, JJ., concur.