WILLIAM J. LABONTE *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Worcester. September 27, 1955. — January 4, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Employer's liability: place of work, railroad roadbed, Federal employers' liability act; Railroad: roadbed; Res ipsa loquitur.

A finding of negligence on the part of a railroad toward the foreman of a section gang under the Federal employers' liability act in failing to furnish him a safe place of work was not warranted by evidence of the circumstances in which the foreman, while engaged with his gang in replacing ties of a track in the country, was injured when he stepped into a small depression in the roadbed which he himself testified was an ordinary depression he had learned of some weeks before the accident but had not thought sufficiently important to require remedying; the doctrine of res ipsa loquitur was inapplicable.

TORT. Writ in the Superior Court dated April 4, 1950.

The action was tried before *O'Brien,* J.

*Carl Liddy,* for the plaintiff.

*Noel W. Deering,* for the defendant.

RONAN, J. The plaintiff, the foreman of a section gang engaged in replacing old railroad ties on the defendant's single line of track running between Worcester in this Commonwealth and Norwich in the State of Connecticut, was injured on a pleasant July morning in 1948, when, he al-

leges, he stepped into a depression in the roadbed. He brought this action of tort under the Federal employers' liability act, U. S. C. (1946 ed.) Title 45, § 51 et seq., to recover damages. The case is here on his exception to the direction of a verdict for the defendant.

The plaintiff at the time of the accident had been employed by the defendant for thirty-eight years, during thirty-six of which he performed services as foreman of a section gang. On the morning of the accident he was in charge of a crew of eight men, who were engaged in replacing old ties with new ones. They would dig around the old tie, unspike it from the rail, and pull it out. His men would then make the excavation big enough to slip in the new tie which would be raised against the rail by a raising bar while his men shoveled dirt under both sides of the new tie its entire length and then the tie would be spiked to the rail. The plaintiff testified that he was on his way to pick up a raising bar when he stepped into a depression about two or three inches deep and two feet wide and his foot went into the soft dirt in that hole. At the place of the accident the ties extend nineteen inches beyond the rails. Then there is a shoulder twelve inches wide and next a subshoulder extending down seven or eight feet to a ditch. According to the plaintiff's testimony it was while he was stepping off the shoulder onto the subshoulder to pick up the raising bar that he stepped into the depression which started near the shoulder and ran down to the ditch, and his feet went down about three feet. The site of the accident was in the country along the roadbed at a place where trains do not stop and where employees of the defendant were not usually expected to be with the exception of some track repair crew. Photographs taken subsequent to the accident and showing the situation in the general vicinity but not the exact spot show that the roadbed is sparsely covered over less than one half of its surface by a thin covering of medium sized crushed rock.

The plaintiff is attempting to enforce in a State court a cause of action created by an act of Congress, and whether

he has made out a case of negligence upon the part of the defendant which should have been submitted to the jury is a Federal question which must be determined in accordance with the decisions of the Supreme Court of the United States and not in compliance with some differing conception of negligence that might prevail in the locality where the action is tried. The standard supplied by those decisions is the only one to be applied in the State court in the determination of the issue whether, as the plaintiff contends, the defendant was negligent in failing to furnish and maintain a reasonably safe place for the performance of his work. *Bailey* v. *Central Vermont Railway,* 319 U. S. 350, 352. *Urie* v. *Thompson,* 337 U. S. 163, 174. *Stone* v. *New York, Chicago & St. Louis Railroad,* 344 U. S. 407, 409. That standard has been frequently defined. If fair minded men upon all the evidence together with the rational inferences of which it was susceptible might reasonably come to the conclusion that there was negligence upon the part of the employer, then the case should be left with the jury even though the judge might think that the evidence supports contrary inferences or that a finding of no negligence would be more reasonable. *Tennant* v. *Peoria & Pekin Union Railway,* 321 U. S. 29, 35. *Lavender* v. *Kurn,* 327 U. S. 645, 652–653. *Ellis* v. *Union Pacific Railroad,* 329 U. S. 649, 653. *Stone* v. *New York, Chicago & St. Louis Railroad,* 344 U. S. 407, 409. We have had occasion recently to follow this rule established in the interpretation of the Federal act and to see that there was no invasion of the fact finding function of the jury in determining whether the employer was negligent. *Murphy* v. *Boston & Maine Railroad,* 319 Mass. 413, 417. *Keough* v. *Cefalo,* 330 Mass. 57. *Langway* v. *Trustees of the New York, New Haven & Hartford Railroad,* 332 Mass. 215, 218–219.

The railroad is not an insurer. Its liability under the act is based solely on negligence with the burden of proof upon the plaintiff. *Brady* v. *Southern Railway,* 320 U. S. 476. *Moore* v. *Chesapeake & Ohio Railway,* 340 U. S. 573.

The mere occurrence of an accident of the kind and char-

acter described by the plaintiff is not one which, as the plaintiff contends, brings it within the doctrine of res ipsa loquitur. Proof of its happening was not proof that it was due to the defendant's negligence. It was said in *Shipp* v. *Boston & Maine Railroad,* 283 Mass. 266, at pages 272–273, where a section gang foreman was killed when the hook of a tackling block being used to straighten out a signal post became opened and struck him, that "this is not a case where negligence of the defendant can be inferred from 'the circumstances of the occurrence that has caused the injury.' See *Sweeney* v. *Erving,* 228 U. S. 233, 238."[1] The *Shipp* case has been followed in *Lynch* v. *New York, New Haven & Hartford Railroad,* 294 Mass. 152.

A trainman, an important part of whose duties consists in stepping off or getting on trains or in turning switches, usually in a terminal yard or other more or less restricted area, because of the dangerous nature of his duties is entitled to have the railroad exercise a degree of care commensurate to the dangers incurred. If injured or killed as a result of stumbling over a loose or partially embedded lump of coal or a clinker, or a pile of other debris alongside of the track, the determination of the defendant's negligence is ordinarily an issue of fact for the jury. It is also to be noted that the duties of the injured employee did not in those cases involve the keeping of the grounds or freight yard in a reasonably safe condition. *Southern Railway* v. *Puckett,* 244 U. S. 571. *Lavender* v. *Kurn,* 327 U. S. 645, 652–653. *Brown* v. *Western Railway of Alabama,* 338 U. S. 294. *Fleming* v. *Husted,* 164 Fed. (2d) 65, 67. *Fleming* v. *Kellett,* 167 Fed. (2d) 265, 266. *Marcades* v. *New Orleans Terminal Co.* 111 Fed. Sup. 650. *Georgia, Southern & Florida Railway* v. *Williamson,* 84 Ga. App. 167. *Bishop* v. *Montour Railroad,* 379 Pa. 562.

We are of opinion that the instant case does not come

---

[1] This case is one principally relied upon by the plaintiff to sustain his contention.

See 35 A. L. R. (2d) 488 et seq. for collection of cases showing the applicability of res ipsa loquitur to cases under the Federal employers' liability act.

within the principle of the cases just cited. The depression was only two or three inches deep and it was located alongside a track running through the countryside. Moreover, the plaintiff, who so far as appears from the record was the only witness testifying on the issue of liability, testified that he first learned of the depression four weeks before the accident and this branch railroad was daily patroled by two employees of the defendant; that although he was a gang foreman he did not think that this depression came under his direct supervision as there was nothing about that depression that would in any way make the running of trains over that track unsafe; that it was the ordinary depression that may be seen near a railroad; that he was so busy he forgot to have someone fill it in; that it was his job to have it taken care of but that he did not think it was important enough to even bother with it at that time, not "a little thing like that." Here is the practical estimate by an experienced section hand who knew the existence of a situation which he now complains was a breach of a duty that the defendant owed him. Such a depression was not unusual. It was of such a trivial account that it did not require immediate action by a foreman of a section gang for his own safety to see that it was remedied by a few shovelfuls of fill. In our opinion the plaintiff has failed to prove negligence on the part of the defendant. Evidence does not show that the place was not reasonably safe for the performance of his work by the plaintiff. *Nelson* v. *Southern Railway,* 246 U. S. 253. *Eckenrode* v. *Pennsylvania Railroad,* 335 U. S. 329. *Frizzell* v. *Wabash Railroad,* 199 Fed. (2d) 153, certiorari denied 344 U. S. 934. *Gill* v. *Pennsylvania Railroad,* 201 Fed. (2d) 718, certiorari denied 346 U. S. 816. *Seaboard Air Line Railroad* v. *Gentry,* Fla., 46 So. (2d) 485, certiorari denied sub nomine *Gentry* v. *Seaboard Air Line Railroad,* 340 U. S. 853. *Payne* v. *Baltimore & Ohio Railroad,* 351 Ill. App. 186.

*Exceptions overruled.*