Roy Kiddy, Plaintiff-Appellee, v. Toledo, Peoria & Western Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 69-125.

Third District.

August 20, 1970.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellant.

Knoblock & Ott, of Peoria, for appellee.

STOUDER, J.

Plaintiff-Appellee, Roy Kiddy, brought this action in the Circuit Court of Peoria County against Defendant-Appellant, Toledo, Peoria & Western Railroad, seeking damages for personal injury under the provisions of the Federal Employers' Liability Act. The jury returned a verdict in the amount of $53,800 upon which judgment was entered. Defendant's post-trial motion was denied, from which this appeal follows.

On September 23, 1963, plaintiff, Roy Kiddy, as an employee of defendant, Toledo, Peoria & Western R. Co., was engaged in replacing switches in the yard of the defendant railroad. The work consisted of unspiking the rails, removing them, removing the ties and cleaning the roadbed, and replacing the rails and ties with heavier equipment. While engaged in carrying a tie plaintiff stumbled and fell injuring his back.

At the time of the incident, plaintiff was assisted by two other men. Plaintiff and one of the other men carried the front end of the tie by placing it on a pick handle. It was necessary to keep the tie balanced and the pick handle level, in order to prevent slipping. The rear of the tie was carried by the third person. According to plaintiff, he caught his toe on something, or the tie slipped and he fell. Plaintiff was sixty-one years of age at the

time of the injury and was thereafter unable to return to work.

The complaint charged defendant with negligently failing to provide plaintiff with a reasonably safe place to work, permitting debris, railroad ties and other foreign matter on the premises where the plaintiff was performing his duties, failing to provide plaintiff with tie tongs to assist him in moving railroad ties, failing to provide plaintiff with sufficient help to assist him in moving railroad ties, and failing to provide plaintiff with suitable tools and equipment with which to do his work.

Defendant first argues that the nature of the work being done or the working conditions may, under certain circumstances, constitute an exception to the employer's general duty to provide a safe place to work. In support of this proposition, defendant relies primarily on two cases, namely, Village of Montgomery v. Robertson, 229 Ill 466, 82 NE 396 and Payne v. Baltimore & O. R. Co., 351 Ill App 186, 114 NE2d 323.

According to defendant, Village of Montgomery v. Robertson, supra, announces the general rule that where the servant in the prosecution of his work produces changes in the condition of the premises where he is performing his work, the master is under no duty to provide a safe place in which to work. Such rule is, at best, ambiguous and contrary to the general concept of negligence, particularly as applied in Federal Employers' Liability Act cases.

Payne v. Baltimore & Ohio, supra, quoted at length by defendant, that where the employee is engaged in repair work or in making his place of work safe, the employer is, therefore, not required to provide a safe place of work is likewise of doubtful authority. The court in Payne recognizes that the employer's liability is based on negligence and that the nature of the work is merely a factor relating to the employer's exercise of due care

under the circumstances. The court in Payne held that evidence of negligence was absent and hence, there was no violation of any duty owed by the employer to plaintiff.

■ Even though the assumption of risk was abolished as a defense to the negligence of the employer under the Federal Employers' Liability Act by an amendment in 1939, its shadow still lingers. Tiller v. Atlantic Coast Line R. Co., 318 US 54, 87 L Ed 610, examines this problem in detail and emphasizes that the bones of assumption of risk may not be resurrected and attached to the concept of negligence. The doctrine of assumption of risk generally meant that the employee assumed the hazard of injury from usual and customary dangers incident to the work. According to Tiller, such principle cannot now be regarded as "nonnegligence" by saying that the employer is under no duty with regard to those hazards which are the normal and customary incidents of the work. The employer's duty is to exercise reasonable care under the circumstances, which includes due regard for the dangers incident to the work to be done, and the nature of the work itself does not negate the existence of the duty. Just because the plaintiff in the case at bar was engaged in repairing and replacing tracks and ties does not warrant the defendant's conclusion that it thereby had no duty to provide a reasonably safe place to work.

Defendant also argues that the charges of negligence regarding safe place to work and debris on the right of way are not supported by any evidence and, consequently, including such allegations in the issues instruction constituted reversible prejudicial error. We find no merit in such contention.

■ In large measure, defendant's argument is based on its initial contention which we have heretofore rejected regarding the absence of any duty to provide a safe place to work under the conditions relating to the

nature of the work. The duty to provide a reasonably safe place to work includes more than physical terrain free from defects. It also includes the conditions of work and methods by which the work is to be accomplished. Campbell v. Chesapeake & O. Ry. Co., 36 Ill App2d 276, 183 NE2d 736 and Goodwin v. Wabash R. Co., 33 Ill App2d 349, 179 NE2d 430.

■ The evidence regarding the employer's negligence is not only substantial but is also substantially undisputed. Nearly all of the witnesses testifying indicated that the proper way to carry a tie was with tie tongs. It is also well established by the testimony that ordinarily four men were employed to carry a tie using tie tongs, and not three. Other testimony indicated that tie tongs were not provided, that they would have been used had they been provided, that the crew was short on the day of the injury, and that because the work had to be completed by twelve o'clock noon, much of the material removed from the roadbed was scattered about the area. We conclude that the charges of negligence were supported by ample evidence.

Lastly, defendant argues that the amount of the verdict was excessive. Again, we find no merit to this contention.

The plaintiff was sixty-one years of age at the time of the incident and had been employed by defendant since 1949. He was in good health and ably performed the heavy manual labor incident to section work. The injury resulted in muscle spasms and limitation of movement of plaintiff's back which, according to the medical evidence, was the aggravation of a preexisting osteoarthritic condition ordinarily associated with aging. The plaintiff was not released by his physician to return to work and he had not been able to work between the date of the injury and the time of trial, some six years later. According to the evidence, it would be unlikely that his condition would improve.

■ At the time of his injury plaintiff was earning approximately $4,200 per year. At the time of trial, the rate for doing the same kind of work was $5,600 per year. Defendant had no compulsory retirement age and if plaintiff had worked until age seventy, his loss of income, both past and prospective, might have been between $40,000 and $45,000. There is also evidence that the condition caused considerable pain and suffering and his physical activity was limited to mild exertion. When the intangible elements of damage are considered with the loss of income, we believe the verdict is well within the range of the testimony. See Lau v. West Towns Bus Co., 16 Ill2d 442, 158 NE2d 63 and Barango v. Hedstrom Coal Co., 12 Ill App2d 118, 138 NE2d 829.

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

RYAN, P. J. and ALLOY, J., concur.