Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A appeal of a judgment for the defendant in this negligence action for injuries sustained by the plaintiff in a fall in the defendant’s store. The plaintiff charges the trial court with error in its rulings and findings, and in the court’s denial of the plaintiff’s post-judgment motion for reconsideration, amendment of findings or for a new trial.
The defendant sells clothing and other goods for young children. On the day in question, the four year old plaintiff was at the defendant’s store with her mother, grandmother and brothers. The accident occurred as the plaintiff was running from one of the fitting rooms along a store aisle or walkway, and was told by her mother to stop. The plaintiff lost her balance and fell into a metal shelving unit located off the walkway which contained merchandise for sale to customers. As the plaintiff fell, her right ear caught on a screw protruding from a shelf and was ripped open.
At trial, there was evidence that the shelving units were inspected nightly for purposes of stocking merchandise, but that no special inspection had been performed with regard to the protrusion of any screws. No evidence was introduced at trial as to when or in what manner the shelving unit was assembled, how far the screw protruded from the shelf, or how long the screw had existed in that condition.[3]
The trial judge ruled on the plaintiff’s twenty-three requests for rulings of law, made findings of fact as to the plaintiff’s failure to satisfy her burden of proving negligence, and entered judgment for the defendant.
The plaintiff has argued four issues on this appeal; namely, (1) whether the trial court applied an erroneous standard of liability by using a “foreign substance” rather than a “dangerous condition” analysis; (2) whether the trial court improperly denied plaintiff’s request that the defendant created or permitted a dangerous condition to exist: (3) whether the court erred in denying plaintiff’s request that the defendanfs negligence proximately caused the plaintiff’s injuries; and (4) whether the trial court violated G.L.C. 231, §85D by imputing the negligence of her mother and grandmother to the plaintiff.[4]
*28 There was no error.
1. The plaintiffs initial contention is that the trial judge’s finding and ruling that the plaintiff failed to establish the length of time the screw had protruded from the shelving unit indicates that the judge misapplied the law by utilizing a “foreign substance” rather than a “dangerous condition” analysis. The plaintiffs contention ignores fundamental negligence principles and is wholly devoid of merit.[5]
A business owner has a duty of ordinary care to maintain its business premises in a reasonably safe condition, and to warn against any danger of which his patrons are unaware, but which is known or should be known to him. Altman v. Barron’s, Inc., 343 Mass. 43, 46-47 (1961). A defendant-owner may be held liable for a breach of such duty only when the plaintiffs injuries were proximately caused by a defect or dangerous condition on the premises which the defendant either created, had actual knowledge of, or should have become aware of and remedied in the exercise of reasonable care. Deagle v. The Great Atlantic & Pac. Tea Co., 343 Mass. 263, 265 (1961); Sahagan v. Commonwealth, 25 Mass. App. Ct. 953 (1988). Where, as in the present case, the plaintiff fails to establish that the defendant created or'was actually aware of the dangerous condition, the plaintiff must prove that the condition existed for a sufficient length of time for the defendant reasonably to have discovered and corrected it prior to the plaintiffs accident. Briggs v. Taylor, 397 Mass. 1010 (1986); Shwartz v. Feinberg, 306 Mass. 331, 333 (1940). The law affords the defendant a reasonable length of time for inspection and repair because the defendant is not required to insure his patron’s safety; his duty is one of ordinary care, not strict liability. Gallagher v. Stop & Shop, Inc., 332 Mass. 560, 563 (1955); Keenan v. E. M. Loew’s, Inc., 302 Mass. 309, 311-312 (1939).
Thus whether the cause of the plaintiff’s injuries was a “foreign substance,” see Oliveri v. Massachusetts Bay Trans. Auth., 363 Mass. 165, 167 (1973), or a protruding nail or other “dangerous condition,” see, e.g., Circiello v. Levine, 316 Mass. 624, 625 (1944), the length of time the defect existed is a critical element of the plaintiff’s burden of proving that the defendant should have known of the defect, and was negligent in failing to discover and repair it. In the instant case, the plaintiff’s failure to advance any evidence which would have permitted the trial court to determine how long the protruding screw had existed in that condition required a finding in the defendant’s favor on the issue of negligence.
Equally devoid of merit is the plaintiff’s related argument that her failure to prove the length of time the protruding screw had existed is not fatal to her recovery because there was evidence of the defendant’s exclusive control of the business premises and failure to inspect the shelving unit in question. The latter is irrelevant because there is no additional evidence in the record which would permit a rational inference that the protruding screw would more probably than not have been visible or discoverable upon a reasonable inspection by the defendant, and that the failure to inspect was thus causally related to the plaintiff’s injury. See Wilson v. Honeywell, Inc., 409 Mass. 803, 807 (1991); Brady v. The Great Atlantic & Pac. Tea Co., 336 Mass. 386, 390-391 (1957); Osborne v. Hemingway Transport Inc., 28 Mass. App. Ct. 944, 945 (1990); Brighetti v. Consolidated Rail Corp., 20 Mass. App. Ct. 192, 197-198 (1985). Moreover, the plaintiff’s argument is an eleventh hour endeavor to invoke the doctrine of res ipsa loquitur as a basis for recovery. An issue or theory cannot be raised as of right for the first time on either a motion for a new trial, Cassamasse v. J.G. Lamotte & Son, Inc., 391 Mass. 315, 320 (1984), or on appeal. Draghetti v. Chmielewski, 416 Mass. 808, 814-815 (1994); Mailman’s *29 Steam Carpet Cleaning Corp. v. Lizotte, 415 Mass. 865, 872 n.4 (1993); Spence v. O’Brien, 15 Mass. App. Ct. 489, 499 (1988).
2. Plaintiffs request number 9 sought a determination that the defendant “created or permitted” a dangerous condition on its business premises. Given the plaintiffs failure to satisfy her burden of proving the defendant’s negligence, Perry v. Medeiros, 369 Mass. 836, 840 (1976) (burden of proof), the plaintiff would not have been entitled to the granting of a proper request for ruling as to the sufficiency of the evidence to permit a finding of negligence. Request number 9 was not, however, a request for a ruling of law because the issue of a defendant’s negligence was one of fact for a trial court. Griffin v. First Nat’l Stores, 353 Mass. 770, 771 (1968); Labonte v. The New York, New Haven & Hartford RR. Co., 333 Mass. 420, 422 (1956). Request number 9 was thus properly denied as a request for a finding of fact by the trial judge. Beekes v. Cutler, 322 Mass. 392, 396 (1948). A par fy is not entitled upon mere request to findings of fact in a non-jury action. Dist./ Mun. Cts. R Civ. R, Rule 52(a); Raldne Realty Corp. v. Stern, 319 Mass. 726, 727 (1946); Ablondi v. Chase, 11 Mass. App. Ct. 902, 903 (1981).
3. The plaintiff’s failure to advance evidence sufficient to warrant a finding that the defendant was negligent obviously rendered irrelevant any issue as to causation. There was, therefore, no error in the court’s denial of plaintiff’s request number 19 which sought a determination that the defendant’s negligence was the direct and proximate cause of the plaintiff’s injury. The request was improperly predicated on the assumed fact of the defendant’s negligence, and was rendered immaterial by the court’s contrary findings. Liberatore v. Framingham, 315 Mass. 538, 543-544 (1944). Moreover, request number 19 could also have been denied as one for a finding on the essentially factual issue of causation. See generally, Stamas v. Fanning, 345 Mass. 73, 76 (1962); New England Mobile Book Fair. Inc. v. Boston, 2 Mass. App. Ct. 404, 411 (1974).
4. Although it is clear that G.L.c. 231, §85D prohibits imputing the negligence of a parent to a minor child, see Altman v. Barron’s Inc., supra at 47, there is nothing in the trial court’s rulings and findings to support the plaintiff’s contention that the court violated the statute in arriving at its ultimate judgment for the defendant. The trial judge properly allowed plaintiff’s request for ruling number 17 as to the effect of §85D. While the court determined that the plaintiff’s mother and grandmother did not exercise reasonable diligence in the care and safety of the plaintiff, the court found that the plaintiff had failed to establish how long the screw had protruded from the shelf and how far it protruded, and that the location of the protruding screw “was not something the defendant knew or should have known at the time of the incident.” In short, the court’s judgment was based on its proper findings and rulings that the plaintiff failed to sustain her burden of establishing that the defendant was negligent in failing to remedy an unsafe condition on its premises or to warn against it.
There being no error of law, the court’s judgment for the defendant is affirmed. The plaintiff’s appeal is dismissed, and costs are to be assessed against the plaintiff pursuant to DistVMun. Cts. R. A. D. A., Rule 26.
So ordered.

The Expedited Appeals states that the defendant assembled the shelving unit. There was, however, no additional evidence in the record to establish either a causal or a temporal link between such assembly and the protrusion of any screw.

It is unnecessary to address any additional issues listed in the plaintiffs notice of appeal which the plaintiff has Med to analyze and argue in her written brief Dist/Mun. Cts. R. A D. A, Rule 16(a) (4). GTE Products Corp. v. Stewart, 414 Mass. 721, 722 n. 1 (1993); Parekh Construc. Inc. v. Pitt Construc. Corp., 31 Mass. App. Ct. 354, 358 n. 4 (1991).

And, it may be added, seemingly disingenuous. Plaintiff’s own request number 10 stated: “I rule that there was a defect on the premises and that the defect existed for such a period of time that the defendant in the exercise of reasonable care should have known of it, had an opportunity to remedy it, and failed to do so [emphasis supplied and citation omitted].”