ECKENRODE, ADMINISTRATRIX, *v.* PENNSYL-
VANIA RAILROAD CO.

No. 28.   Argued October 22, 1948.—Decided November 15, 1948.

*B. Nathaniel Richter,* by special leave of Court, *pro hac vice,* argued the cause for petitioner.  With him on the brief was *John H. Hoffman.*

*Owen B. Rhoads* argued the cause for respondent. With him on the brief were *Philip Price* and *H. Francis DeLone.*

PER CURIAM.

This was a suit in the United States District Court for the Eastern District of Pennsylvania in which the petitioner claimed damages under the Federal Employers' Liability Act [1] and the Boiler Inspection Act [2] for the death of her husband while in the respondent's employ as a brakeman.

[1] 35 Stat. 65, 53 Stat. 1404, 45 U. S. C. § 51.
[2] 36 Stat. 913, as amended, 45 U. S. C. § 23.

In response to specific interrogatories, the jury absolved the respondent of liability under the Boiler Inspection Act, but found that there had been such negligence as to create liability under the Federal Employers' Liability Act. It returned a verdict for petitioner. Judgment was entered upon the verdict.

The respondent moved the Court to set aside the verdict and the judgment entered thereon in accordance with its motion for directed verdict under Rule 50 of the Federal Rules of Civil Procedure. The judgment was vacated; the verdict set aside, and judgment entered in favor of the respondent. The District Court was of the opinion that there was no evidence upon which a finding of negligence could be predicated, and that, in any event, there was no evidence of a causal relation between the claimed negligence and the accident. 71 F. Supp. 764.

Upon appeal to the United States Court of Appeals for the Third Circuit, the judgment was affirmed. A rehearing was granted, and there was an affirmance with one judge dissenting. 164 F. 2d 996.

There is a single question presented to us: Was there any evidence in the record upon which the jury could have found negligence on the part of the respondent which contributed, in whole or in part,[3] to Eckenrode's death? Upon consideration of the record, the Court is of the opinion that there is no evidence, nor any inference which reasonably may be drawn from the evidence, when viewed in a light most favorable to the petitioner, which can sustain a recovery for her.

Accordingly, the judgment is

*Affirmed.*

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS, MR. JUSTICE MURPHY and MR. JUSTICE RUTLEDGE dissent.

---

[3] 45 U. S. C. § 51.