**MICHAEL v. READING CO.**

No. 7650.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1948.

McElroy, Young & Mahley, of Syracuse, for plaintiff.

Henry R. Heebner, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff in the instant case was injured severely while getting off an engine in the course of his duties as an employee of defendant. The theory of his case is that through defendant's negligence he was pulled off when part of his clothing was caught by some object protruding from a car standing on an adjacent track. He has brought suit under the Federal Employers' Liability Act, § 1, 45 U.S.C.A. § 51, alleging negligence on the part of the defendant in the following respects: allowing some object to protrude from a car standing on an adjacent track; failing to provide sufficient and safe clearance between the tracks; failure to give him warning of the protruding object, and the insufficient clearance; violating the rules, regulations, customs and practices existing at the time and place mentioned in the complaint; and failing to provide him with a reasonably safe place to work. All the averments regarding negligence were denied. At the trial the following evidence, inter alia, was introduced: Plaintiff was getting off the engine backwards when something caught him and pulled him off; he did not fall right to the ground, but was caught between the moving engine and a stationary car while the engine travelled another eighteen feet; there was a box car on the adjacent track, which was "leaning a little bit" toward the engine; this car had a doorstop on it, which extended out four inches; on the next day, after the car was moved and replaced, the distance from the doorstop to the handholds of the engine was seventeen inches; there was a brush mark, after the accident, on the box car, near the doorstop. The case was submitted to the jury on a general definition of negligence. Defendant made no objection to any part of the charge and offered only one point for charge, asking for a directed verdict. The jury returned a verdict of $35,000, and defendant now presses its motion for judgment notwithstanding the verdict, and moves, in addition, for a new trial.

Defendant argues, in support of its motion, that plaintiff has failed to meet the burden of proving that his injuries were the result of defendant's negligence. His argument is actually twofold: that plaintiff has not proved his fall was due to something on the neighboring box car and, even if it were, he has not shown defendant to be negligent in any manner. On the first issue, I feel that defendant's argument must fail. From the evidence referred to above, I think it was a permissible inference for the jury that plaintiff was knocked off the engine by the doorstop on the adjacent box car. It does not matter whether I would draw such an inference myself, if it cannot be said that the inference is "unsupported by probative facts" or is "so unreasonable as to warrant taking the case from the jury." See Lavender v. Kurn, 327 U.S. 645, 652, 66 S.Ct. 740, 743, 90 L.Ed. 916. The second issue presents a closer question. However, I must assume on a motion of this sort, that the jury believed that the box car on the adjacent track was leaning towards the engine from which plaintiff was alighting. It is true, as defendant points out, that other witnesses contradicted this testimony by the engine man, McCorkle. But he was an eyewitness of the accident, and I think it would be reversible error to hold that the jury could not disregard all the other contradictory ev-

56

idence and find that the box car was leaning. Including the fact of a leaning box car, then, with the other circumstances of the case, was there sufficient evidence to justify a finding of negligence? There was evidence introduced from which the jury could infer that: the accident occurred in the Reading Company yard in Reading, Pennsylvania; plaintiff was getting off the engine in a customary manner, and preparing to alight at a· place and in a way he had done before, without getting hurt; due to the curtains, he could not see in the direction the engine was moving before he made ready to get down, and, at that time, he backed out, as was customary; the engineer was the boss of the crew on the engine; the only way he could see ahead at the time was to put his head out of the window; he did not see the lean in the box car before he got to it, but did notice it after the accident; as a matter of fact, he was not paying any particular attention to the cars on the adjacent track, and did not look at them, just before the accident occurred; he did not tell plaintiff not to get out; plaintiff's fall occurred about noon on a clear day. Plaintiff argues that this was sufficient evidence to make the issue of negligence one for the jury on any of three theories: defendant failed to provide plaintiff with a reasonably safe place in which to work; defendant, through its employees, failed to give plaintiff any notice or warning of a dangerous condition when it knew, or should have known, of such condition; defendant hauled and used and permitted to be used on its lines a box car which was in a defective and unsafe condition. It might have been better had plaintiff offered specific requests for charge along these lines, but I feel that he is correct in assuming that facts proving any one of the three theories would justify a finding of negligence under a general charge, as well. In addition, after carefully examining the record, I feel he is correct in his assertion that a jury question was presented. It is true, of course, that the railroad is not an insurer of its employees, and its liability must be predicated on negligence. Cf. Eckenrode v. Pennsylvania Railroad Co., 3 Cir., 164 F.2d 996, affd. in opinion, 335 U.S. 329, 69 S.Ct. 91.

But I feel that a jury could find from this record that defendant had failed in its duty to exercise due care toward the plaintiff in allowing the box car to be placed on a track adjacent to the one on which the engine travelled, and in failing, through its engineer, to give plaintiff some warning. Accordingly, therefore, I shall deny the motion for judgment n. o. v.

Defendant has moved for a new trial, or a reduction of the verdict, apparently because the verdict is against the weight of the evidence; i. e., the jury disregarded plaintiff's contributory negligence and the weight of the testimony was "overwhelmingly in favor of complete exoneration of the defendant." I cannot agree with these contentions and would not feel justified either in reducing the verdict or granting a new trial. Accordingly, therefore, defendant's motion will be denied.