William L. MELLON, Jr., and Mellon National Bank & Trust Co., etc., Petitioners. v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Matthew T. MELLON and Mellon National Bank & Trust Co., etc., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

John F. WALTON, Jr., and Mellon National Bank & Trust Co., etc., Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

MELLON NATIONAL BANK & TRUST CO., etc., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 9869–9872.

United States Court of Appeals
Third Circuit.

Argued May 6, 1949.

Filed May 11, 1949.

William F. Knox, Pittsburgh, Pa. (Judson A. Crane, Pittsburgh, Pa., on the brief), for petitioners.

Edward J. P. Zimmerman, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and Helen Goodner, Special Assistants to the Attorney General, on the brief), for respondent.

Before MARIS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The question involved in this group of income tax cases is whether the settlor of each of the trusts in question created one trust, with several and shifting beneficiaries, or whether he created a main trust with subsidiary trusts for individual minor beneficiaries. This question is said by both sides to be one determined by the settlor's intention as that intention is shown by examination of the instrument creating the trust. The Tax Court, after full statement of the facts, found that the instrument created one trust. 11 T.C. 135. Assuming that this is a fact conclusion which we may set aside if clearly erroneous, we nevertheless shall affirm because we think that the conclusion reached by the Tax Court is correct.

The decisions of the Tax Court will be affirmed.

■

Frank K. MICHAEL v. READING COMPANY, Appellant.

No. 9877.

United States Court of Appeals
Third Circuit.

Argued May 3, 1949.

Decided May 9, 1949.

Henry R. Heebner, Philadelphia, Pa. (Wm. Clarke Mason, Philadelphia, Pa., on the brief), for appellant.

Gordon H. Mahley, Syracuse, N. Y. (Harry A. Demar, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH, and McLAUGHLIN, Circuit Judges.

PER CURIAM.

The sole question raised by the appellant in this case is whether there was sufficient evidence of the defendant's negligence to support the verdict of the jury in favor of the plaintiff. We agree with the district court, for the reasons stated in the opinion of Judge McGranery denying the defendant's motion for a new trial, 82 F.Supp. 54, that the evidence was sufficient.

The judgment of the district court will be affirmed.