JOHN JAROSZEWSKI, PLAINTIFF-RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued March 10, 1952—Decided April 7, 1952.

Mr. *Anthony T. Augelli* argued the cause for the appellant (*Mr. William F. Hanlon*, attorney; *Messrs. Milton, McNulty & Augelli*, of counsel).

Mr. *Alfred Brenner* argued the cause for the respondent (*Mr. Herbert L. Zeik*, attorney).

The opinion of the court was delivered by

OLIPHANT, J. This is an appeal from a judgment of the Hudson County Court entered as the result of a jury verdict for the plaintiff of $15,000, which was reduced, on motion directed to the trial court for a new trial, to $7,000. The appeal, taken to the Appellate Division of the Superior Court, was certified by this court on its own motion. A cross-appeal by the plaintiff was abandoned at the argument.

The plaintiff, a car inspector in the employ of the defendant, was injured while inspecting a freight car in defendant's Jersey City yard. He thereupon brought an action against the defendant under the provisions of the Federal Employers' Liability Act, 45 *U. S. C. A.*, § 51 *et seq.*, based on the railroad's alleged negligence.

At the time of the accident, July 29, 1948, plaintiff had been a railroader for over 17 years and was an experienced car inspector. While engaged in inspecting a train of cars he had occasion to inspect the freight car involved in the instant suit. He noticed that the side door of the car was open and the car empty; he attempted to close the door but it jammed within six or seven inches of the door post; he looked at the bottom door rail and found it in good order but before he examined the top door rail the door fell on him causing the injuries which occasioned the suit. A subsequent examination of the car disclosed a damaged top door rail which was obviously defective and which condition could have been discovered by the plaintiff had he looked at it prior to attempting to close the door.

The car in question was not owned by the defendant railroad but came under its control on July 23, 1948, at Taylor, Pa. At that point inspection by the defendant disclosed it was in good condition. At the time the car was loaded the top door rail was in good order and no exceptions were taken to the car by the inspector. From Taylor, Pa., the train moved to Elizabethport, N. J., where it arrived July 24. The car was still loaded. Again it was inspected, the top rail being visible was found in good order and no exceptions to

its condition noted. The door was locked and sealed. The car was then moved the following day to Perth Amboy and was unloaded at that point by the consignee, the defendant railroad having nothing to do with the unloading. From the Perth Amboy siding of the consignee the car was moved to the Jersey City yards of the defendant where it arrived on July 27, empty, with its side door open. It was then that the plaintiff was sent two days later to inspect it, during which inspection he received the injuries complained of.

At the close of the case the defendant moved for a dismissal of the action on the ground that the plaintiff had failed to prove negligence on its part. The motion was denied. Such denial is the first ground relied upon as error and the only one we need concern ourselves with.

The Federal Employers' Liability Act is not a workman's compensation law and in order to be entitled to a verdict a suitor must prove that the defendant was negligent. *Ellis v. Union Pacific R. Co.*, 329 *U. S.* 649, 91 *L. Ed.* 572, 67 *S. Ct.* 598 (1947); *Eckenrode v. P. R. Co.*, 335 *U. S.* 329, 93 *L. Ed.* 41, 69 *S. Ct.* 91 (1948); *Di Bernardo v. D. L. & W. R. Co.*, 130 *N. J. L.* 479 (*E. & A.* 1943).

The plaintiff's complaint did not specify the nature of defendant's negligence, but in answer to interrogatories he asserted that the negligence was in failing to make reasonable inspection, failure to make repairs, failure to remove the car from service and failure to warn the plaintiff of its defective condition. All these charges depend on the first, that of failure to make reasonable inspection, and none of them were supported by the proofs.

A railroad's duty with respect to the inspection of cars is set forth in *Anderson v. Erie R. Co.*, 68 *N. J. L.* 647 (*E. & A.* 1903). In the case *sub judice* the defendant fully performed that duty. It inspected this car when it came on its lines at Taylor, Pa., it inspected it again at Elizabethport, and it was during the very process of inspecting it at Jersey City following the discharge of its cargo at Perth Amboy that the plaintiff was injured. It was his very duty to discover

the defect which he asserts the defendant should have discovered by adequate previous inspection. There is nothing in the record to prove or from which legitimate inferences can be drawn that the defendant should have inspected the car at Perth Amboy, or that it was unreasonable for it to run the car from that point to its Jersey City yard before returning it to service.

Neither *Tiller v. Atlantic Coast Line,* 318 *U. S.* 54, 87 *L. Ed.* 610, 63 *S. Ct.* 444 (1943), nor *Cork v. Lehigh Valley R. R. Co.,* 98 *N. J. L.* 143 (*E. & A.* 1922), on which the plaintiff strongly relies, are factually in point or controlling. The former case was an action by a railroad policeman who was injured while inspecting car seals in a railroad yard by a train on the adjoining track, and the opinion dealt primarily with the doctrine of assumption of risk under the Federal Employers' Liability Act; in the latter case the employee was not engaged in car inspection at the time of his accident, and the rule set out in that case was that a railroad company is under a duty to make reasonable inspection of cars hauled over its road at convenient places during their journey for the purpose of discovering defects likely to occur in the course of transportation. In the instant case there is no proof whatever that the siding of the consignee was a convenient or proper place to make an inspection, nor is there proof of the necessity of or a practice, a custom, in railroading to make inspection of cars after their being unloaded by a consignee.

Plaintiff's own theory is that the damage to the door rail occurred in the act of unloading and that there was a failure to inspect after the unloading even though he was injured in doing that very thing at Jersey City. It cannot be said that in such circumstances there was a failure of duty in this regard when it was the very performance of that duty which caused plaintiff's injuries.

■ All the plaintiff succeeded in proving in this case was that he was injured when a defective door on a railroad car fell upon him, and he completely failed to prove any negli-

gence on the part of the defendant. Under such circumstances the motion to dismiss should have been granted and judgment entered for the defendant.

The judgment below will be reversed and under the rule, 1:4–9(b), final judgment will be entered here in favor of the defendant.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT and BURLING—4.

*For affirmance*—Justice WACHENFELD—1.