[Civ. No. 20863.  Second Dist., Div. Two.  June 28, 1955.]

ODUS HERRON, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

200

Hardwick & English and Edward S. Hardwick for Appellant.

C. W. Cornell, O. O. Collins and John R. Allport for Respondent.

FOX, J.—This action was brought under the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.). Plaintiff appeals from a judgment based on findings that defendant was free from negligence.

Plaintiff had been employed as a car man by defendant for a number of years prior to June, 1951. His duties were to clean motor blocks by dipping the block into a large vat containing a very hot oakite solution. The motor blocks weigh some 500 pounds each. An overhead crane was used in raising and lowering the blocks. It was made of iron, set in concrete and operated by air. There were two hooks which attached to each end of the block by exhaust studs and a big ring that hooked in the pulley and raised the blocks. Plaintiff used his hands to steady the blocks as they were being raised from the vat.

On June 6, 1951, when plaintiff was raising a motor block out of the vat, it swayed to one side and one of the studs

caught on the steam pipes in the vat causing one end to become detached from the crane. Plaintiff claims to have reached out over the vat, caught the end of the motor block and pulled it over the edge, thus preventing the block from falling back into the solution. It was then that his feet slipped and he injured his back. Plaintiff was working alone at the time.

Plaintiff testified that the crane had a tendency to run backwards when pulled around to the south and had had this tendency ever since he had been there. Plaintiff said he had spoken to the foreman about it. This was his only complaint about the equipment or its operation.

Plaintiff had regularly and steadily operated this particular crane since some time in 1948 or 1949. He was thoroughly familiar with his job and the operation of the equipment. He was doing the job ''in the usual and customary manner. There wasn't anything different from what it had been all the time.'' The crane had been completely dismantled and overhauled on at least two occasions—the last one in 1950. It was greased weekly.

''To recover under the act it is incumbent upon plaintiff to establish that the railway company was negligent and that such negligence was a proximate cause of his injury.'' (*Crowder* v. *Atchison, T. & S. F. Ry. Co.*, 117 Cal.App.2d 568, 571 [256 P.2d 85] ; *Spencer* v. *Atchison, T. & S. F. Ry. Co.*, 92 Cal.App.2d 490, 494 [207 P.2d 126] ; *Eckenrode* v. *Pennsylvania R. Co.*, 335 U.S. 329 [69 S.Ct. 91, 93 L.Ed. 41].) In the instant case the court found that defendant was not guilty of any negligence which was a proximate cause of injury to plaintiff. He argues, however, that this finding is not supported by the evidence. Negligence is, of course, ordinarily a question of fact. There is nothing in the evidence herein to justify not applying the general rule. It was, therefore, incumbent upon plaintiff to establish defendant's negligence as a fact by a preponderance of the evidence. To do this plaintiff points to his own testimony. The trial judge, however, had the responsibility of evaluating such testimony and of determining the weight to be given to it and the credibility of plaintiff. In passing on these matters, the judge could consider plaintiff's ''interest in the result of the case, the manner in which he testified'' (*Devens* v. *Goldberg,* 33 Cal.2d 173, 180 [199 P.2d 943]), the character of his testimony, and other relevant circumstances. Implicit in the finding in favor of defendant on the question of negligence is the court's failure to give full credence to plaintiff's story. Since plaintiff failed

to meet the burden of proving defendant's negligence by credible evidence, the finding on that crucial issue was necessarily against him. Hence he has failed to establish any right of recovery.

■ The difficulty of plaintiff's position is that he would have this court reweigh the evidence, reevaluate plaintiff's credibility and draw inferences contrary to those drawn by the trial court. Under settled principles, a reviewing court may not do this.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.