**John W. MARTIN, as Trustee of the Florida East Coast Railway Company,
Appellant,**

v.

**Tom RILEY, Appellee.**

No. 15517.

United States Court of Appeals
Fifth Circuit.

Nov. 9, 1955.

Dwight Sullivan, Miami, Fla., Anderson, Scott, McCarthy & Preston, Miami, Fla., Russell L. Frink, Jacksonville, Fla., Robert H. Anderson, Miami, Fla., of counsel, for appellant.

Marshall G. Curran, Jr., Henry R. Carr, Miami, Fla., Carr & O'Quin, Miami, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., the suit was for damages suffered by plaintiff while he was engaged in operating a kerosene weed burner.

The claim was that defendant was negligent in furnishing for use with the weed burner defective kerosene carrying hose which breaking and spraying kerosene on plaintiff's clothes proximately contributed to their catching fire and his receiving severe burns.

The defenses were: (1) a denial that plaintiff's injuries were proximately caused by the negligence of defendant;

(2) a claim that their sole proximate cause was his own negligence in continuing to work with kerosene saturated clothes; and (3) that plaintiff was contributorily negligent and his damages should be reduced accordingly.[1]

On the issues thus joined, the case was fully tried to a jury and, defendant's motion for an instructed verdict denied, there was a verdict and judgment for plaintiff for $5,000, and defendant, appealing therefrom, is here asserting one ground of error. This is that the testimony as a whole, indeed plaintiff's own testimony, conclusively establishes: that plaintiff's injuries were not proximately caused or contributed to by any negligence of defendant; but that his own negligence was the sole proximate cause of it.

Conceding that the record must be examined in the light most favorable to the plaintiff and every reasonable inference drawn therefrom in his favor, Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497, and citing many cases[2] holding that to take a case of this kind to the jury there must be evidence both that defendant was negligent and that his negligence was not merely a condition but a proximate cause of the injury, appellant insists that his motion for a directed verdict should have been granted, and, because it was not, the judgment must be reversed with directions to enter judgment for the defendant.

Appellee on his part citing Wilkerson v. McCarthy, supra; Kansas O. & G. Ry. v. Woodward, 10 Cir., 198 F.2d 322; Mooney v. Terminal R. Ass'n, 352 Mo. 245, 176 S.W.2d 605,[3] presses upon us that with the negligence of the defendant, in furnishing a defective hose, established, what and all that appellant is endeavoring to do is in effect to insulate that negligence as a proximate cause by putting forward defendant's contributory negligence as an absolute defense.

We agree with appellee that this is so. While, therefore, we agree with appellant that plaintiff was certainly guilty of contributory negligence and his damages ought to have been, and no doubt were, diminished because thereof, we are bound to hold that in law and in fact there is no basis in the record for appel-

1. The evidence taken most favorably for the plaintiff, is as follows:

On Oct. 8, 1951, and for a number of years before that, Tom Riley and two other colored men, W. Gifford and Lexton Bell, were employed by the Florida East Coast Railway Company as section laborers. Part of their work included operating a weed burner to burn weeds off the railroad right-of-way. All were experienced men. Riley and Gifford handled the two flame throwers on the weed burner, and Bell operated the pump on the kerosene tank which was connected to the two burners by lengths of rubber hose.

On Friday, Oct. 5, 1951, plaintiff had asked the section foreman, J. M. Skinner, for some new hose for the weed burner and was told to use some hose that was in the tool house which had been taken off some two years before, and, though he advised the foreman that this hose was old, he was told that there was no other available, to use it until he could obtain some more.

On Monday, Oct. 8, 1951, Riley, Gifford and Bell went to work at 7:00 a.m. They were again burning weeds along the railroad right-of-way. At about 9:30 a.m.

that morning one of the hoses broke at the junction where the hose connected to the burner. In helping to repair it, plaintiff's clothing became saturated with the kerosene that was used as fuel for the weed burner. He returned to work and was again burning weeds. About fifteen or twenty minutes later a woman walking across the tracks yelled at him that there was fire around his ankle, his trousers felt hot, he looked down and his trousers were on fire. He grabbed his trouser leg and looked down and the flames jumped up on him. He had no idea where the flames came from.

2. Wolfe v. Henwood, 162 F.2d 998; Chesapeake & O. Ry. Co. v. Burton, 4 Cir., 217 F.2d 471; Reynolds v. Atlantic Coast Line, 5 Cir., 196 F.2d 643; Eckenrode v. Pennsylvania R. Co., 335 U.S. 329, 69 S. Ct. 91, 93 L.Ed. 41; Wadiak v. Illinois Central R. Co., 7 Cir., 208 F.2d 925.

3. To which may be added: Coray v. Southern Pac., 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208; Carter v. Atlanta & St. A. Ry. Co., 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236.

lant's view that plaintiff's contributory negligence must, as matter of law, be held to be the sole proximate cause and thereby operate as a bar to his suit.

The judgment is affirmed.