**Josephine E. BAIRD, as Administratrix of the Estate of Pearl A. Baird, Deceased, Plaintiff-Appellant,**

v.

**NEW YORK CENTRAL RAILROAD CO., Defendant-Appellee.**

No. 248, Docket 24178.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1957.

Decided March 15, 1957.

McElroy, Young, Mahley & Dunn (J. Murray Dunn, Syracuse, N. Y., on the brief), for plaintiff-appellant.

Hiscock, Cowie, Bruce, Lee & Mawhinney, Syracuse, N. Y. (Gerald H. Henley, Syracuse, N. Y., and Howard G. Munson, of counsel on the brief), for defendant-appellee.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

This appeal raises the question whether Judge Brennan's decision setting aside the verdict of a jury for $40,000 in an action under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60, to recover damages for the death of the plaintiff's husband, and directing entry of judgment for the defendant was justified on the record.

The appellant urges that there was sufficient evidence of negligence to support the verdict, alleging that there was proof of negligence in the defendant's allowing bright floodlights to remain lighted on the rear of Train 90 which was standing in the station; in the failure of the engineer of Train 230 to sound a warning or to slow up when his vision was obscured; in the failure of the engineer of Train 230 to keep a proper lookout; and in the failure of the defendant to furnish the deceased a reasonably safe place to work.

A brief statement of the principal uncontroverted facts will suffice to show that the district judge was justified in setting aside the jury's verdict.

The accident which took Pearl Baird's life occurred on November 12, 1954, about 6 P.M. at defendant's passenger station in Harmon, New York. Baird, in the employ of the railroad for over 30 years, was the rear brakeman on passenger Train 90 which had arrived at the station on its way southward to New York, to discharge passengers and change engines. Baird had been a member of the crew of this Train 90 at intervals for about ten years. After Baird's train arrived at Harmon, a maintenance crew engaged in removing from the southerly end of the rear car on Train 90 a smokestack which extended two or three feet above the roof of the car. Upon being removed the smoke-

stack dropped from the top of the car onto a baggage truck beside which Baird was standing on the station platform. From the baggage truck the stack rolled onto the platform, across the platform, which was 14 feet wide, and into the westerly track number 4, the rails of which were 18 inches lower than the platform. Baird took three fast steps across the platform and leaned over the edge of the platform to pick up the stack which was on the track; and as he did so he was struck by the first car of Train 230 as it came into the station going south on track 4 and was killed instantly.

The rear car of Train 90 had two floodlights for inspection purposes located beneath the car platform about 22 inches above the rails; and they threw a horizontal beam to light up the roadbed. While the engineer of Train 230 saw these lights and said they prevented him from seeing anything or anybody on the platform, it seems clear, as Judge Brennan points out, that this was only for an instant and the engineer had passed that point, rounded a slight curve, and had an unimpeded view as he approached the platform in the usual way. From the uncontradicted evidence in the case any interference with the vision of Train 230's engineer was dissipated prior to Baird's "three fast steps" into the path of Train 230. The lights on Train 90 had no causal relation to the accident. Baird's own suicidal "three fast steps" into the path of the train which he knew was momentarily expected on track 4 clearly were the only and sole cause of the accident.

■ As Judge Brennan says in his careful and able opinion, Civil 5471, N.D. N.Y., May 7, 1956, which we endorse: .

"This case was tried, submitted and decided upon the theory that it was negligence on the part of the defendant to leave the inspection lights on the rear of train 90 turned on while that train was standing at the Harmon station * * * The real failure of proof * * * is the lack of any evidence to show that the existence of the lights had a causal relation to the accident and resulting injury * * * It was the sudden appearance of the deceased at the westerly edge of the platform leading into the area of track 4 which first indicated that other than normal action was taking place on the platform. It was then too late for an effective warning and too late for the stopping or slowing of the train. There is a complete failure of proof to show that the deceased was in a position of danger for a period of time long enough so that the operator could have taken any measures for his warning or protection."

■ The district judge was justified in setting aside the verdict and directing the entry of judgment for the defendant. There was no evidence from which the jury could reasonably find that employer negligence played any part in producing the death for which damages are sought. See Rogers v. Missouri Pacific Railroad Co., 77 S.Ct. 459; Eckenrode v. Pennsylvania Railroad Co., 1948, 335 U.S. 329, 69 S.Ct. 91, 93 L.Ed. 41. It is clear that the fatal accident was due solely to Baird's sudden and unexpected act in leaning over the rail of track 4.

Affirmed.