Artway CALDWELL, Plaintiff-Appellant,

v.

MANHATTAN TANKERS CORPORATION, Defendant-Appellee.

No. 79–3268
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

**362**

Morphy, Faulkner, Simpson & DiMaria, Robert L. Simpson, Metairie, La., for plaintiff-appellant.

Terriberry, Carroll, Yancey & Farrell, Robert J. Barbier, Andrew T. Martinez, New Orleans, La., for defendant-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

GARZA, Circuit Judge:

The appellant Artway Caldwell filed suit under the Jones Act seeking damages stemming from an alleged injury incurred while working aboard the Appellee's ship. The only evidence presented by the Appellant at his jury trial was his own testimony. After that testimony, the Appellant rested, and the Appellee sought a directed verdict which was granted. We affirm.

The Appellant was employed as a seaman aboard the S/S Manhattan on December 2, 1975. The S/S Manhattan was at that time docked in New Orleans, Louisiana, taking on a load of grain. The ship had just sailed from New York, having previously carried a load of oil. During its voyage from New York to New Orleans, a crew of men employed by an independent contractor had worked on cleaning the oil residue from the hold of the ship. After docking in New Orleans, the clean-up operation was apparently still being conducted.

At 11:45 p. m. on December 2, 1975, following the completion of his eight hour shift, the Appellant was relieved of his watch. After changing his shirt, he decided to go ashore to call his wife. According to the Appellant's testimony at trial, as he was descending the gangplank, he slipped and caught his foot on one of the gangplank runners. Fearing that he would fall between the ship and the dock, he threw himself from the gangplank to the dock, a distance of ten to eleven feet. The impact upon the dock caused injury to the Appellant's leg. The Appellant then instituted this Jones Act suit alleging negligence and unseaworthiness of the ship.

The Appellant never actually saw any grease on the gangplank, on his clothes or on his shoes. The Appellant also testified that, although the gangplank area was not lit, he was able to see where he was going. No one witnessed the accident. Caldwell also testified that he had never actually seen the clean-up crew using the gangplank.

When faced with a motion for directed verdict, the district court must examine the evidence and reasonable inferences therefrom in the light most favorable to the party opposing the motion. *McCullough v. Beech Aircraft Corp.*, 587 F.2d 754, 758 (5th Cir. 1979). If such facts and inferences point so clearly and overwhelmingly

in favor of one party that the district court believes that reasonable minds could not arrive at a contrary verdict, the granting of the motion for directed verdict is in order. *King v. Ford Motor Co.*, 597 F.2d 436, 439 (5th Cir. 1979); *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). This standard is utilized in claims alleging unseaworthiness. *See Claborn v. Star Fish & Oyster Co.*, 578 F.2d 983, 987 (5th Cir. 1978), *cert. denied*, 440 U.S. 936, 99 S.Ct. 1281, 59 L.Ed.2d 494 (1979).

However, in Jones Act cases, a slightly different standard is applicable due to the fact that a Jones Act plaintiff's burden of proof is very minimal and has been referred to as "featherweight." *See Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 331 (5th Cir. 1977). The submission of such a case to a jury requires a very low evidentiary threshold and "even marginal claims are properly left for jury determination." *Leonard v. Exxon Corp.*, 581 F.2d 522, 524 (5th Cir. 1978), *cert. denied*, 441 U.S. 923, 99 S.Ct. 2032, 60 L.Ed.2d 397 (1979). Thus, it has been held that a directed verdict may only be granted in a Jones Act suit when there is a complete absence of probative facts to support the non-movant's claim. *Boeing Co. v. Shipman*, 411 F.2d at 370.

There is no doubt that a shipowner has an absolute duty under general maritime law to furnish a seaworthy ship. *See Hlodan v. Ohio Barge Line, Inc.*, 611 F.2d 71, 74 (5th Cir. 1980). Nonetheless, in the present case, the Plaintiff has presented no evidence of negligence or unseaworthiness. The mere fact of Appellant's alleged slipping on a gangplank does not in and of itself render the shipowner negligent or the ship unseaworthy. Even though the Appellant has a "featherweight" burden to satisfy before his case may be taken to the jury, he still must in some way show a causal connection between his injury and some omission or commission by the shipowner or a condition which renders the ship unseaworthy. The Appellant presented no testimony or evidence that there was grease on the gangplank or that the gangplank was defective in some other manner. No grease was found on his clothes or on his person.

Since the Appellant does allege a claim of unseaworthiness even though he has included it within his Jones Act allegations, the court must apply the normal standard for directed verdicts to his claim of unseaworthiness and the Jones Act standard to his negligence claim. Having done so, it is clear that the Appellant's evidence does not reasonably or even marginally intimate that the Appellee was negligent or that the ship was unseaworthy. The granting of the motion for a directed verdicts was entirely proper.

AFFIRMED.