**Jaishmatti J. CHARLES, etc. et al., Plaintiffs,**

v.

**WEST INDIES TRANSPORT, et al., Defendants.**

Civ. No. 83–2610 GG.

United States District Court, D. Puerto Rico.

March 17, 1986.

Harvey B. Nachman, Santurce, P.R., for plaintiffs.

David C. Indiano, Jimenez, Graffam & Lausell, San Juan, P.R., for Charter Transport Lines, Inc. and Oceanic Operations Corporations.

## OPINION AND ORDER

GIERBOLINI, District Judge.

This is an action for damages brought by plaintiff as administratrix of the estate of a deceased seaman and as his widow, against the owners, charterers, and/or operators of the motor vessel WIT SERVICE IV. Jurisdiction is invoked pursuant to the Jones Act, 46 U.S.C. § 688.

Succinctly stated, the complaint alleges that defendants were negligent in providing decedent with an unseaworthy vessel. Conversely, defendants have filed a motion for summary judgment alleging that regardless of whether the vessel was seaworthy or not, no evidence could be produced at trial to link the cause of the accident to an unseaworthy condition.

In determining whether summary judgment is appropriate, the court must view the record in the light most favorable to the party opposing the motion, and indulge all inferences favorable to that party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Cia. Petrolera Caribe, Inc. v. Arco Caribbean, Inc.*, 754 F.2d 404 (1st Cir. 1985); *Raskiewicz v. Town of New Boston*, 754 F.2d 38 (1st Cir.) *cert. denied,* — U.S. —, 106 S.Ct. 135, 88 L.Ed.2d 111 (1985); *Stepanischen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 928 (1st Cir.1983).

Furthermore, Rule 56(c) provides that once a motion for summary judgment has been made and properly supported, the non-moving party may not rest upon mere allegations, but must instead reply setting forth specific facts showing that there is a genuine issue for trial. If a movant has alleged specific undisputed facts that entitle it to summary judgment as a matter of law, then the burden shifts to the opposing party to show that summary judgment is appropriate. *Nicholas Acoustics & Specialty Co. v. H. & M. Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983).

We have closely examined the record and find that the following facts are uncontested:

Francis Charles (Charles) was a seaman employed by codefendant Charter Transport Lines, Inc. as mate aboard the WIT SERVICE IV when she arrived in St. Thomas, United States Virgin Islands, on November 3, 1980, at approximately 2:30 p.m. It is known that on the evening of that day, Charles was at a bar in Charlotte Amalie, St. Thomas, drinking alcoholic beverages but no one observed him returning to the vessel. The next time he was seen was on November 4, 1980, when his body was recovered from the harbor waters of Charlotte Amalie. The autopsy performed revealed that the cause of death was asphyxia due to salt water submersion. The blood alcohol content was .20% by weight.

It is plaintiffs' contention that Charles tried to return to his duties aboard the vessel sometime before the recovery of his body on November 4, 1980, with a large amount of alcohol in his bloodstream. They submit that the unseaworthiness of the gangway and the failure to provide a watchman for the security of the vessel and her crewmembers provides a reasonable basis for concluding that the deceased drowned when he fell from the defective gangplank while trying to board the ship. Plaintiffs rely principally on *Schulz v. Pennsylvania R. Co.*, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668 (1956), as supporting this conclusion. In that case, the Court expressed that although some facts were in dispute there was evidence from which a jury could have found:

... On Christmas Day 1949, at about 5:15 p.m., the deceased Schulz, reported for work on his job ... and was assigned to work on four tug boats docked side by side ... He went immediately to check the boat without waiting to change from his street to his working clothes. Returning to the pier alongside the tugs

about 7:00 o'clock, Schulz reported that he had finished his checking and was now going back to the boats to change to his work clothes and proceed with his other duties there. He was last seen alive walking in the direction of the nearest tug. At 1:25 a.m., a supervisor found Schulz was not on the boats. His street clothes were hanging in the upper engine room ... His lunch package was also there. Three of the tugs were at all times wholly unlighted and dark; one was partially illuminated ... The night was cold ... there was some ice on the tugs. Because the company did not have enough workers that night ... Schulz had to try to take care of all four tugs by himself. To do this he had to step from one boat to another in the dark except for such limited illumination as he could obtain from a flashlight. Several weeks after Schulz disappeared from the boats, his body was found in the water near an adjacent pier. He was clothed in nothing but shorts and socks. A flashlight was in his hand. He had drowned. It is conceded that the deceased was not under the influence of alcohol when he came to the boat, that he did not commit suicide, that there was no foul play, and that he met his death by accident.

350 U.S. at 524–525, 76 S.Ct. at 609–10.

The Court held that based on those facts, fair-minded men could find that defendant was negligent in requiring Schulz to work under those conditions. It concluded that reasonable men could also have found from the discovery of Schulz' half-robed body with a flashlight gripped in his hand that he slipped from an unlighted tug as he groped about in the darkness while attempting to perform his duties. 350 U.S. at 526–27, 76 S.Ct. at 610–11. The evidence, therefore, was sufficient to require submission of the case to the jury.

*Schulz* and the case at bar are clearly and easily distinguishable. In *Schulz* it was evident that the deceased had returned to the ship and was performing his duties there when he fell from the icy and darkened boat and drowned. Here, however, it cannot be established that Charles ever returned to his ship on that night or at any other time, or that he reached the gangplank and slipped from it. Moreover, from Charles' serious state of intoxication, completely absent in *Schulz*, it can be inferred that it was his own negligence and not the ship's unseaworthiness or defendants' negligence that caused his death.

■ Under the Jones Act negligence and unseaworthiness are two separate and distinct claims. *Usner v. Luckenbach Overseas Corporation*, 400 U.S. 494, 91 S.Ct. 514, 27 L.Ed.2d 562 (1971). The "producing cause" standard of liability under the Jones Act is that established by Congress under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 *et seq.* Defendant must bear responsibility if his negligence played any part, even the slightest, in producing the injury. *Rogers v. Missouri Pacific R. Co.*, 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493 (1957). However, the standard of causation for unseaworthiness is more demanding and requires proof of proximate cause. *Chisholm v. Sabine Towing & Transportation Co., Inc.*, 679 F.2d 60, 62 (5th Cir.1982). In either instance, the plaintiff's burden has been characterized as very light, "featherweight". *Vallot v. Central Gulf Lines, Inc.*, 641 F.2d 347, 350 (5th Cir.1981); *Davis v. Hill Engineering, Inc.*, 549 F.2d 314, 331 (5th Cir.1977). It does not follow, however, that "defendant's fault must not be shown to be *a* cause—there must, of course, be a connection—it merely need not be *the* cause." *Peymann v. Perini Corporation*, 507 F.2d 1318, 1324 (1st Cir.1974), *cert. denied*, 421 U.S. 914, 95 S.Ct. 1572, 43 L.Ed.2d 780 (1975) (emphasis in the original).

■ Although plaintiffs' burden before their case may be submitted to a jury is not a heavy one, they still must in some way show a causal connection between the injury (the seaman's death in this case) and some omission or commission by the shipowner or a condition which renders the ship unseaworthy. *Caldwell v. Manhattan Tankers Corp.*, 618 F.2d 361, 363 (5th Cir.

1980). Even assuming *arguendo*, that the ship was unseaworthy, this condition cannot form the basis for liability when there is no suggestion whatsoever that said condition was the cause of the injury. *See Hill v. Texaco*, 674 F.2d 447 (5th Cir.1982); *Robinson v. Zapata Corp.*, 664 F.2d 45, 48 (5th Cir.1981); *Hess v. Upper Mississippi Towing Corp.*, 559 F.2d 1030 (5th Cir.1977), *cert. denied*, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978).

██ Moreover, we have carefully examined the record and reasonable inferences therefrom in the light most favorable to plaintiffs and find that they have failed to make out a *prima facie* case justifying the submission of the case to the jury. *See Caldwell, supra*, 618 F.2d at 362–363; *Eckenrode v. Pennsylvania R.R. Co.*, 335 U.S. 329, 330, 69 S.Ct. 91, 92, 93 L.Ed. 41 (1948). Plaintiffs' burden has not been met and this is so because they admittedly cannot prove that the deceased returned to the vessel or to its proximity at any time before the incident subject of this action. Consequently, any jury verdict based on a connection between defendants' alleged negligence and/or unseaworthiness and the death of Charles would necessarily be the product of sheer surmise, conjecture and speculation. Such a verdict cannot be allowed to stand. *Cf. Zenith Radio Corp. v. Hazeltine*, 395 U.S. 100, 124, 89 S.Ct. 1562, 1577, 23 L.Ed.2d 129 (1969); *Bigelow v. RKO Radio Pictures*, 327 U.S. 251, 264, 66 S.Ct. 574, 579–80, 90 L.Ed. 652 (1946); *Dolphin Tours v. Pacifico Creative Service*, 773 F.2d 1506, 1509–10 (9th Cir.1985); *Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 438 (5th Cir.1985).

██ Unquestionably, absent a situation involving *res ipsa loquitur*, mere proof that an accident occurred is not evidence of anyone's negligence. *Traupman v. American Dredging Company*, 470 F.2d 736, 738 (2nd Cir.1972).

Wherefore, in view of the foregoing, we find that there are no disputed material issues of fact which would preclude the entry of summary judgment. Thus, defendants' request for summary judgment is hereby GRANTED and, consequently, it is ordered that the complaint be and is hereby dismissed. The clerk shall enter judgment accordingly.

SO ORDERED.